(75 N. W. Rep. 250.)

---

## WM. DEERING & CO. *vs.* HANS HANSON, *et al.*

Opinion filed April 9th, 1898.

### Chattel Mortgage—Failure to ˙Refile.

> Failure to refile a chattel mortgage, as required by Ch. 41 of the Laws of 1890, does not render it void as against the mortgagor himself.

Appeal from District Court, Grand Forks County; *Templeton,* J.
Replevin by William Deering & Co. against Hans Hanson and another. Defendants had judgment, and plaintiff appeals.
Reversed.

*George A. Bangs,* for appellant.
*H. N. Morphy,* for respondents.

CORLISS, C. J. Only a single question is here involved, on undisputed facts. Plaintiffs, as mortgagees, instituted an action in replevin to recover possession of property on which the defendants had executed and delivered to them a chattel mortgage. The sole defense was that the mortgage had ceased to be valid, even as against the mortgagors themselves, because the mortgagees had failed to refile the same, as required by chapter 41 of the Laws of 1890. The District Court having sustained this

defense, and rendered judgment in favor of the defendants, the plaintiffs appeal. Our decision, therefore, will turn on the true construction of this statute. It is as follows:

"A mortgage of personal property shall, unless duly renewed as provided in section 2 of this act, cease to be valid as against the original mortgagee or mortgagor, his heirs or assigns, and against any attaching or execution creditor of the mortgagor or any subsequent purchaser or mortgagor of the property, in good faith, whether the title of such purchaser shall vest, or the lien of such creditor or mortgagee shall attach, prior or subsequent to the expiration of the three year period or periods in section 2 of this act mentioned.

"Sec. 2. In order to preserve and continue its priority of lien, every chattel mortgage must, not less than ten or more than thirty days immediately preceding the expiration of three years from the date of the filing thereof, be renewed by the filing in the office of the register of deeds of the proper county, of a copy of such mortgage, together with a statement of the amount or balance of the mortgage debt for which a lien is still claimed, duly subscribed and sworn to by the then owner of the mortgage, his agent or attorney; and in like manner the copy and statement of debt must be again filed every three years, or the mortgage shall cease to be valid as against the parties in section 1 of this act mentioned.

Sec. 3. That there exists a difference of opinion and a doubt as to the meaning and interpretation of the existing laws relating to the renewal of chattel mortgages; therefore, this act shall take effect and be in force from and after its passage and approval."

The last section is quoted in this opinion, not because it throws any light upon the question of interpretation, but as showing how completely the legislature succeeded in thwarting the declared purpose of this amendment of the law. The avowed object was immediately to clear up all ambiguity on the subject, while the actual result of the legislation was to involve the law in

greater obscurity than before. By this enactment confusion was worse confounded. It is obvious that some of the words of this law are absolutely meaningless. A mortgage cannot cease to be valid as against the mortgagee himself. Neither is it proper use of language to speak of a subsequent mortgagor of the mortgaged property. When it is once ascertained that a careless use of language characterizes the act,—that some language therein is senseless,—it is not difficult to reach the conclusion that the word "mortgagor," as found in the clause "cease to be valid as against the mortgagee and mortgagor," shall be treated as having no meaning in the law, as having been inserted therein through a blunder, just as the word "mortgagee," immediately preceding it in the same clause, was inserted therein through mistake. No registration or recording law declaring a mortgage void as to the mortgagor himself has ever been enacted, and we cannot assume, in view of the palpable errors in this statute, that a departure in this respect was intended to be made in this state. The keynote of this act is the provision found in section 2, which declares that the refiling of a chattel mortgage is required "in order to preserve and continue its priority of lien." We consider that the purpose of this statute was to clear up the meaning of the existing statute with respect to the effect as to third parties of the failure of the mortgagee to refile a chattel mortgage. Under section 4383, which it amended, it was doubtful whether the subsequent purchaser or incumbrancer, who had purchased or secured a lien before the time for refiling had arrived, could claim priority of lien notwithstanding the fact that the mortgagee thereafter failed properly to refile it. The act of 1890 settles this mooted question by an explicit provision, and therefore the purpose disclosed by section 3 of the act to remove a doubtful construction is to this extent realized. This we believe to have been the object of the amendment. But the unfortunate use of other language in the statute, introduced on other points new ambiguities, and thus it has happened that, while in one sense the end of the lawmakers was attained, yet in a broad sense the evils

of uncertainty remain. It is significant that the failure to refile does not render the mortgage void as to all subsequent purchasers and incumbrancers, but only as to those who are such "in good faith." How can it be possible that the legislature meant to keep a mortgage alive as to a class of subsequent mortgagees and purchasers, and at the same time declare it void even as against the very party who executed it? The construction contended for by counsel for defendants would lead to this absurd result: that an unfiled mortgage would remain valid despite the flight of time, while one that was filed would cease to be good unless refiled at the end of three years. We do not believe that the legislature intended to place the mortgagee who files his security in a worse position than one who does not.

The judgment is reversed, and a new trial ordered. All concur. (75 N. W. Rep. 249.)